UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GLADYS ROSARIO,

                                    PLAINTIFF,

                                                        **MOTION TO DISMISS**

                                                        Case No. 07 Civ. 5891
                    -AGAINST-                              (CLB)(GAY)

                                                        **ECF CASE**

JOHN E. POTTER, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICES AGENCY;
PAUL HOGROGIAN, LOCAL 300 PRESIDENT,

                                    DEFENDANTS.
-------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF
LOCAL 300's MOTION TO DISMISS**


On the brief:
    Allyson L. Belovin, Esq.
    Dana E. Lossia, Esq.


26-001-00004                          i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

INTRODUCTION ............................................................................................................... 1

FACTS ................................................................................................................................. 2

ARGUMENT ....................................................................................................................... 3

    I.     Any Breach of Fair Representation Claim is Time Barred ....................................... 3

    II.    The Standard for Motions to Dismiss ..................................................................... 4

    III.   Plaintiff Fails to State a Claim For Breach of the Union's
           Duty of Fair Representation ..................................................................................... 4

    IV.   There is No Breach of the Duty of Fair Representation
           Absent A Showing of Improper Conduct by the Employer ..................................... 7

    V.    Plaintiff's Other Allegations of Discrimination Need Not Be
           Separately Considered Here And, In Any Event, Fail to State a Claim ..................... 8

CONCLUSION..................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

### FEDERAL CASES

*Air Line Pilots Association, International v. O'Neill*,
    499 U.S. 65 (1991) ...............................................................................................6

*Barr v. United Parcel Serv., Inc.*,
    868 F.2d 36 (2d Cir. 1989)...................................................................................6

*Buttry v. General Signal Corp.*,
    68 F.3d 1488 (2d Cir. 1995).................................................................................3

*Cruz v. Local Union No. 3 of the IBEW*,
    34 F.3d 1148 (2d Cir. 1994).................................................................................6

*Danzer v. Norden Systems, Inc.*,
    151 F.3d 50 (2d Cir. 1998)...................................................................................5

*DelCostello v. International Brotherhood of Teamsters*,
    462 U.S. 151 (1983) .........................................................................................3, 8

*Douglas v. District Council 37 Municipal Employees Fund Trust*,
    207 F. Supp. 2d. 282 (S.D.N.Y. 2002) ...............................................................5

*Ghartey v. St. John's Queens Hospital*,
    869 F.2d 160 (2d Cir. 1986).................................................................................3

*Girolamo v Teamsters Local 72*,
    1998 U.S. Dist. LEXIS 19819 (S.D.N.Y. 1998) ................................................9

*Gordon v. Health & Hospitals Corp.*,
    2008 U.S. Dist. LEXIS 27606 (E.D.N.Y. Mar. 31, 2008)..................................5

*Hines v. Anchor Motor Freight, Inc.*,
    424 U.S. 554 (1976) .............................................................................................6

*Harold Hoffman, et al. v. District Council 37, et al.*,
    No. 99-8636, slip of. at 6 (S.D.N.Y. Feb. 23, 2001) .........................................9

*Leeds v. Meltz*,
    85 F.3d 51 (2d Cir. 1996).....................................................................................4

*Lewis v. North General Hospital*,
    502 F. Supp. 2d 390 (S.D.N.Y. 2007) .................................................................8

*Local 771, I.A.T.S.E. v. RKO General, Inc.*,
    546 F.2d 1107 (2d Cir. 1977)............................................................................7

*Marquez v. Screen Actors Guild, Inc.*,
    525 U.S. 33 (1998) .........................................................................................6

*Montana v. First Federal Savings & Loan Association*,
    869 F.2d 100 (2d Cir. 1989)............................................................................4

*Nweke v. Prudential Insurance Co. of America*,
    25 F. Supp. 2d 203 (S.D.N.Y. 1998) ...............................................................8

*Pyzynski v. New York Central Rail Co.*,
    421 F.2d 854 (2d Cir. 1970).............................................................................7

*Ranieri v. Highland Falls-Fort Montgomery School District*,
    198 F. Supp. 2d 542 (S.D.N.Y. 2002) .............................................................5

*Richardson v. New York State Department of Correctional Serv.*,
    180 F.3d 426 (2d Cir. 1999)............................................................................5

*Ryan v. N.Y. Newspaper Printing Pressmen's Union No. 2, et al.*,
    590 F.2d 451 (2d Cir. 1979).............................................................................6

*Sanozky v. International Association of Machinists & Aerospace Workers*,
    415 F.3d 279 (2d Cir. 2005)............................................................................8

*Vaca v. Sipes*,
    386 U.S. 171 (1967) ...........................................................................3, 4, 5, 7

*White v. White Rose Food*,
    237 F.3d 174 (2d Cir. 2001).............................................................................8

*Wright v. Ernst & Young, LLP*,
    152 F.3d 169 (2d Cir. 1998)............................................................................4

*Yusuf v. Vassar College*,
    35 F.3d 709 (2d Cir. 1994)..............................................................................4

## STATE CASES

*Martin v. Curran*,
    303 N.Y. 276 (N.Y. 1951) ...............................................................................9

26-001-00004

*Prin v. DeLuca*,
    218 N.Y.S.2d 761 (Sup. Ct. N.Y. Co. 1961).....................................................9

## FEDERAL STATUTES

Fed. R. Civ. P. 12(b)(6) ..............................................................................................1

42 U.S.C. §§ 2000e, *et seq* .........................................................................................2

## STATE STATUTE

N.Y. Exec. Law §§ 290 - 297 ......................................................................................2

## LOCAL STATUTE

N.Y. City Admin. Code §§ 8-101 .................................................................................2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GLADYS ROSARIO,

<div style="float:right">

**MOTION TO DISMISS**

</div>

                    PLAINTIFF,

Case No. 07 Civ. 5891
(CLB)(GAY)

        -AGAINST-

JOHN E. POTTER, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICES AGENCY;

**ECF CASE**

PAUL HOGROGIAN, LOCAL 300 PRESIDENT,

                DEFENDANTS.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## LOCAL 300's MOTION TO DISMISS

### INTRODUCTION

      This matter was commenced by *pro se* plaintiff Gladys Rosario on April 22, 2008 by filing a complaint against defendants Paul Hogrogian, as president of National Postal Mail Handlers Union, Local 300 ("Local 300" or "Union")[1] and the United States Postal Service ("USPS" or "Employer"). Defendant Local 300 submits this memorandum of law in support of its motion to dismiss plaintiff's claims against the Union defendants.

      The gravamen of plaintiff's claim is that she was improperly removed from employment with the USPS, that the Union breached its duty to fairly represent her concerning her discharge, and that those actions were the result of unlawful discrimination by both the Employer and the Union. The complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). First, plaintiff's allegation that the Union breached its duty of fair representation is time-barred.

---

[1] For the purposes of this motion, we read the complaint as against the Union itself, with Mr. Hogrogian having acted as the Union's agent.

26-001-00004                                          1

Second, plaintiff alleges that the Union breached its duty of fair representation because of her race or national origin, but she fails to allege facts that, if proven, would state a claim upon which relief can be granted.

## FACTS

Plaintiff was an employee of the USPS and a member of the bargaining unit represented by the Union. The Employer terminated Plaintiff's employment on or about August 27, 2005 (Compl. at p. 3) and the Union challenged her discharge at arbitration. (Compl. at ¶3-4).[2] At the arbitration hearing, Plaintiff was represented by her Union shop steward. (Comp. at ¶4-5). The Union received an unfavorable decision from the arbitrator, which Plaintiff's shop steward forwarded to her with a note that read "This is a copy of the decision in your arbitration case. Wish I could have given you better news.  I wish you better times."  (Compl. at ¶6 and Ex. 1). When Plaintiff inquired about the possibility of appealing her arbitration decision, the Union informed her that there was no further avenue of appeal.  (Compl. at ¶6).

Plaintiff asserts that the "Union has breached the duty of fair representation" owed to her (Compl. at p. 3), and has discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 - 297, and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131.  (Compl. at p. 1).  She alleges that the discriminatory acts occurred between 1999 – 2005 (Compl. at p. 3), although some of the events she complains of occurred as late as Spring 2006. (Compl. at ¶6-7).  Plaintiff alleges that she filed a charge of discrimination with the United States Equal Employment Opportunities Commission ("EEOC") on May 18, 2006 (Compl. at p. 3) and

---

[2] Citations to numbered paragraphs in the Complaint refer to the supplemental, typed portion of the Complaint that addresses "The facts against my Union Representatives."

26-001-00004

2

that she received a Notice of Right to Sue in February 2007. (Compl. at p. 4). The EEOC Appeal Decision attached to the Complaint indicates that the charge of discrimination was only filed against the USPS, not against the Union.

## ARGUMENT

### I.    Any Breach of Fair Representation Claim is Time Barred

An employee can sue a union that represents her for a breach of the union's duty of fair representation when the union's conduct towards that employee is arbitrary, discriminatory or in bad faith. Vaca v. Sipes, 386 U.S. 171, 193 (1967). It is well established that the statute of limitations for claims asserting a union's breach of the duty of fair representation is six months. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169-71 (1983); see also Buttry v. General Signal Corp., 68 F.3d 1488, 1492 (2d Cir. 1995).

A plaintiff's cause of action for a breach of the duty of fair representation accrues no later than the time when plaintiff knew or reasonably should have known that such a breach had occurred. Id.; see also Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 163 (2d Cir. 1986) (finding that the claim accrued after the date the arbitration award was issued). Here, the Complaint was filed on April 22, 2008, meaning that the cause of action for breach of the duty of fair representation would had to have accrued after October 22, 2007 in order to be timely. But the conduct Plaintiff complains of occurred either during her employment with the USPS, which ended in August 2005, during the course of the arbitration proceeding that followed her discharge, or immediately after she learned of the arbitrator's decision. Plaintiff's own pleadings demonstrate that she was aware of the arbitrator's unfavorable decision as early as April 2006, two years before the filing of the instant Complaint. Plaintiff's last conversation with the Union – according to her pleadings – took place prior to the charges she filed with the EEOC on May

26-001-00004

3

18, 2006.  Thus, the Complaint was filed well beyond the six month time limit for claiming a breach of the duty of fair representation, and it must be dismissed on timeliness grounds.

## II.    The Standard for Motions to Dismiss

While a district court must take all well-pleaded factual allegations as true and draw all reasonable inferences in a light most favorable to the plaintiff, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  To avoid dismissal, Plaintiff must allege facts that satisfy each element required for recovery under some actionable theory.  Wright v. Ernst & Young, LLP, 152 F.3d 169, 173 (2d Cir. 1998).  Plaintiff's allegation against the Union and Hogrogian is for a breach of the duty of fair representation based on race or national origin discrimination.  To survive a motion to dismiss on a complaint alleging discrimination, a plaintiff must allege facts and circumstances from which intentional discrimination can be reasonably inferred.  See, e.g., Yusuf v. Vassar College, 35 F.3d 709, 713 (2d Cir. 1994); Montana v. First Fed. Sav. & Loan Ass'n, 869 F.2d 100, 104 (2d Cir. 1989). Here, Plaintiff has not asserted facts that would establish an intent to discriminate, and in any event such a claim is procedurally barred.  The Complaint should therefore be dismissed in its entirety under Rule 12(b)(6).

## III.    Plaintiff Fails to State a Claim For Breach of the Union's Duty of Fair Representation

Even if Plaintiff's fair representation claim were timely, which it is not, she fails to allege facts that would support a finding that the Union breached its duty to her through arbitrary, discriminatory or bad faith conduct, as required by Vaca v. Sipes and its progeny.  Plaintiff alleges no facts which demonstrate that the Union had discriminatory animus toward her.  The only fact Plaintiff alleges that even relates to race or national origin is a comment by Andrew

26-001-00004

4

Piacente, a Union shop steward, that "people make fun of Puerto Rican people" (Compl. at ¶2). This comment, even if it was made, may reflect the Union's perception that other people are biased, but it does not indicate discriminatory bias on the part of the Union or its representatives. Moreover, Plaintiff has alleged no facts that link Piacente's alleged comment to the Union's representation of her. Finally, the alleged comment alone, even if made, is not sufficient to support a finding of discriminatory conduct, as courts in the circuit have held that such stray comments in themselves do not raise an inference of discrimination, particularly where they are ambiguous. See, e.g., Gordon v. Health & Hosps. Corp., 2008 U.S. Dist. LEXIS 27606 (E.D.N.Y. Mar. 31, 2008), citing Danzer v. Norden Sys., Inc., 151 F.3d 50, 56 (2d Cir. 1998), Douglas v. Dist. Council 37 Mun. Employees Fund Trust, 207 F. Supp. 2d. 282, 291 (S.D.N.Y. 2002), Ranieri v. Highland Falls-Fort Montgomery Sch. Dist., 198 F. Supp. 2d 542, 545 (S.D.N.Y. 2002) ("Stray workplace remarks that have no demonstrated nexus to the personnel action complained of are insufficient to defeat a motion for summary judgment").[3] Thus, Piacente's alleged comment, even if made, cannot support a finding of discriminatory conduct here.

The fact that the Union did not send a particular officer or retain an attorney to handle plaintiff's arbitration (Compl. ¶3) is certainly not grounds for finding a breach of the duty of fair representation. To establish a union's violation of its duty of fair representation where it is alleged to have unfairly represented an employee in arbitration, Plaintiff must prove that the union's conduct was "arbitrary, discriminatory, or in bad faith," Vaca v. Sipes, 386 U.S. at 190,

---

[3] In the analogous situation of hostile work environment claims, the Second Circuit Court of Appeals has held that even clearly discriminatory jokes, comments or slurs do not, in isolation, constitute a hostile work environment. See, e.g., Richardson v. New York State Dep't of Corr. Serv., 180 F.3d 426, 437 (2d Cir. 1999).

and that it "seriously undermined the integrity of the arbitral process." Hines v. Anchor Motor
Freight, Inc., 424 U.S. 554, 567 (1976); see also Barr v. United Parcel Serv., Inc., 868 F.2d 36,
43 (2d Cir. 1989), cert. denied, 493 U.S. 975 (1989). The Supreme Court has held that a union's
actions are arbitrary "only if, in light of the factual and legal landscape at the time of the union's
actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be
irrational." Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 67 (1991) (internal citations
omitted). Within this 'wide range of reasonableness,' the union has "room to make discretionary
decisions and choices, even if those judgments are ultimately wrong." Marquez v. Screen Actors
Guild, Inc., 525 U.S. 33, 45-46 (1998). Here, there was no allegation that the arbitration hearing
would have been handled differently by a different Union representative or by an attorney, and
no authority exists to support the proposition that the Union had any duty to provide a particular
representative to Plaintiff.

Likewise, Plaintiff's allegation that Piacente prevented her from "protesting" at her
arbitration (Compl. at ¶4) fails to state a claim for breach of the duty of fair representation.
Plaintiff did not allege that she was given no opportunity to speak on her own behalf. Rather she
seems to be complaining that she was not able to speak freely during the course of another
witness's testimony. Even if Piacente stopped Plaintiff from speaking out of turn, or made a
strategic decision during the course of the hearing not to challenge another witness's credibility,
that alone is not evidence of discrimination or bad faith. Plaintiff has failed to show that the
Union's representation could be faulted for failure to raise meritorious arguments, see Ryan v.
N.Y. Newspaper Printing Pressmen's Union No. 2, et al., 590 F.2d 451, 456-57 (2d Cir. 1979), or
for omission of relevant testimony or arguments without a rational basis for doing so. See Cruz
v. Local Union No. 3 of the IBEW, 34 F.3d 1148, 1153-54 (2d Cir. 1994). The fact that Piacente

26-001-00004

6

has conversations with the Employer's representative at the arbitration hearing clearly does not demonstrate bad faith, discrimination or "a conspiracy" against Plaintiff. (Comp. at ¶5). Indeed, Plaintiff did not allege any facts with respect to the content of such conversations, let alone that they even related to her case.

Finally, the fact that after receiving an unfavorable arbitration decision the Union refused to initiate a lawsuit on behalf of Plaintiff (Compl. at ¶6) again does not establish bad faith or discriminatory conduct. Rather, it is a recognition of the fact that Courts in this circuit must defer to the decisions of private arbitrators absent evidence of fraud, misconduct or other enumerated factors, none of which have been alleged here. See Local 771, I.A.T.S.E. v. RKO General, Inc., 546 F.2d 1107, 1113 (2d Cir. 1977) ("we may not overturn the arbitrator's interpretation unless it fails to draw its essence from the agreement or is vulnerable because of fraud, corruption, misconduct, action in excess of the arbitrator's powers, complete disregard of the applicable law, or some ground specified in 9 U.S.C. § 10")(internal citations omitted); see also Pyzynski v. New York Cent. R. Co., 421 F.2d 854, 864 (2d Cir. 1970, citing Vaca, 386 U.S. at 194)("A union does not breach its duty of fair representation when it makes a good faith decision that the merits of a particular claim do not warrant instituting legal proceedings, for a union must be allowed to exercise reasonable discretion as to how it can best satisfy the interests of the individual as well as the interests of the collective unit"). The Union certainly has no duty to provide Plaintiff with access to free legal services. (Compl. at ¶7).

### IV. There is No Breach of the Duty of Fair Representation Absent A Showing of Improper Conduct by the Employer

In order to succeed on a claim that the Union breached its duty of fair representation, Plaintiff must also prove that the Employer breached the collective bargaining agreement in

26-001-00004

7

effect between Local 300 and the USPS.  See, e.g., Sanozky v. Int'l Ass'n of Machinists & Aero. Workers, 415 F.3d 279, 282 (2d Cir. 2005); White v. White Rose Food, 237 F.3d 174, 178 (2d Cir. 2001); DelCostello, 462 U.S. at 164 ("the two claims are inextricably interdependent"); Lewis v. N. Gen. Hosp., 502 F. Supp. 2d 390, 407 (S.D.N.Y. 2007).  Thus, Plaintiff must show *both* that she was improperly discharged by the USPS and that the Union's representation of her was discriminatory.  Even assuming as true all the facts alleged in the Complaint, Plaintiff cannot make the necessary evidentiary showing.  It is important to note that a neutral arbitrator selected by the Employer and the Union to enforce the terms of the collective bargaining agreement heard facts and argument from both the Union and the USPS concerning the termination of Plaintiff's employment.  The arbitrator upheld the discharge as non-violative of the just cause provisions of the collective bargaining agreement.  Plaintiff has not alleged, nor could she show, that the arbitrator was biased in his hearing of the case.  Thus, the finding by a neutral arbitrator is persuasive evidence that Plaintiff's discharge from employment with the USPS was non-discriminatory.  For this reason as well, the claims against the Union must be dismissed.

### V.    Plaintiff's Other Allegations of Discrimination Need Not Be Separately Considered Here And, In Any Event, Fail to State a Claim

Once the Court disposes of Plaintiff's claim that the Union breached its duty of fair representation to her through discriminatory conduct, it need not consider her remaining claims under federal, state or local law.  See Nweke v. Prudential Ins. Co. of America, 25 F.Supp.2d 203, 220 (S.D.N.Y. 1998) (In order to establish a race discrimination claim against a union concerning its representation of a member's interests, the plaintiff must show that the union breached its duty of fair representation and that it did so on the basis of the member's race).

26-001-00004

8

In any event, Plaintiff does not allege facts that would support a finding of discrimination under any such law, and her claims are otherwise barred.  With respect to the Title VII claim, Plaintiff has not asserted or otherwise shown that she filed a timely charge or a complaint of discrimination against the Union with the EEOC.[4]  Thus, any claim under Title VII must be dismissed.  Plaintiff also fails to allege, and cannot show, that any discriminatory conduct was ratified by the Union's membership, as is necessary to succeed on a claim under the State Human Rights Law.  See, e.g., Girolamo v Teamsters Local 72, 1998 U.S. Dist Lexis 19819 (S.D.N.Y. 1998) (applying the rule enunciated in Martin v. Curran, 303 N.Y. 276, 279 (N.Y. 1951) to a claim under Executive Law § 296); Prin v. DeLuca, 218 N.Y.S.2d 761, 762 (Sup. Ct. N.Y. Co. 1961); Harold Hoffman, et al. v. District Council 37, et al., No. 99-8636, slip op. at 6 (S.D.N.Y. Feb. 23, 2001)("For these reasons, the Court concludes that the Martin doctrine bars claims against union and their officials brought pursuant to §296 in the absence of allegations that the §296 violations were authorized or ratified by the entire union membership").  Thus, the Court need not consider Plaintiff's claims of discrimination under Title VII or the State or City Human Rights Laws.

---

[4] The EEOC charge to which Plaintiff refers in the Complaint was filed only against the USPS, not against the Union.

26-001-00004

9

## CONCLUSION

For all of the foregoing reasons, defendant Union's motion to dismiss the complaint should be granted in its entirety.

Dated: May 16, 2008
        New York, New York

                                        LEVY RATNER, P.C.


                                        _____/s/_____
                         By:     Allyson L. Belovin
                                 Dana E. Lossia
                                 *Attorneys for Local 300, National*
                                 *Postal Mail Handlers Union, AFL-*
                                 *CIO and Paul Hogrogian*
                                 80 Eighth Avenue Floor 8
                                 New York, New York 10011
                                 (212) 627-8100
                                 (212) 627-8182 (fax)
                                 abelovin@lrbpc.com
                                 dlossia@lrbpc.com



TO:     Gladys Rosario
        983 Summit Avenue, #1F
        Bronx, New York 10452
        (via overnight delivery)

26-001-00004
                                 10