UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GLADYS ROSARIO,

                        PLAINTIFF,

-AGAINST-                        Case No. 07 Civ. 5891
                                           (CLB)(GAY)

JOHN E. POTTER, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICES AGENCY;        ECF CASE
PAUL HOGROGIAN, LOCAL 300 PRESIDENT,

                        DEFENDANTS.
------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF LOCAL 300's MOTION TO DISMISS**

      Paul Hogrogian and the National Postal Mail Handlers Union, Local 300 ("Union") submit this reply memorandum of law in further support of their motion to dismiss plaintiff's amended complaint. As plaintiff's submission in opposition to the motion raises no additional arguments and cites no authority to support her claims, we make only a few brief points here.

      **I.    Plaintiff's Response to the Motion to Dismiss Was Untimely**

      As an initial matter, plaintiff's opposition papers were not timely served upon the Union and therefore should not be considered. Pursuant to Local Civil Rule 6.1(b), plaintiff's response was due to be served by June 2, 2008. Counsel for the Union did not receive it until June 5, 2008.

      **II.    Plaintiff Admits That Her Claims Are Not Timely**

      Even if the Court chooses to accept plaintiff's untimely submission, it in fact strengthens the Union's position that plaintiff's claims are barred by the applicable statute of limitations.

Plaintiff admits that "I alleged the discriminatory act occurred between 1995-2005." Opp. Mem. at 4.  As the Union noted in its moving papers, the statute of limitations for a claim for breach of the duty of fair representation is six months.  DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169-71 (1983); see also Buttry v. General Signal Corp., 68 F.3d 1488, 1492 (2d Cir. 1995).  Thus, the amended complaint, which was not filed until April 22, 2008, is not timely and should be dismissed.

### III.     The Statute of Limitations Must be Strictly Enforced Here

Plaintiff asks the Court to waive the application of the statute of limitations in her case because she was not aware of the time limits in the law.  As numerous Courts, including this one, have held, such limitations must be strictly enforced, regardless of a party's *pro se* status or actual knowledge of the time limitation for filing a complaint.  "[S]tatutes of limitations are strictly enforced, 'even where the plaintiff is *pro se.*'" Garland-Sash v. City of New York, 2005 U.S. Dist. LEXIS 42676, No. 04 Civ. 0301, 2005 WL 2133592, at *3 (E.D.N.Y. Sept. 1, 2005) (quoting Hamilton v. Wilson, 2004 U.S. Dist. LEXIS 957, at *11 (S.D.N.Y. Jan. 21, 2004)); see also Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants"); Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984) ("In the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day").  There is no alleged or existing basis for tolling the statute of limitations here, and plaintiff's claims must therefore be dismissed.

**Conclusion**

For these reasons, as well as those in the Union's moving papers, we respectfully request that the amended complaint be dismissed in its entirety.

Dated: June 11, 2008
       New York, New York

                                                        LEVY RATNER, P.C.

                                                        /s/
                                 By: Allyson L. Belovin
                                       Dana E. Lossia
                                       *Attorneys for Local 300, National Postal Mail Handlers Union, AFL-CIO and Paul Hogrogian*
                                       80 Eighth Avenue Floor 8
                                       New York, New York 10011
                                       (212) 627-8100
                                       (212) 627-8182 (fax)
                                       abelovin@lrbpc.com
                                       dlossia@lrbpc.com

TO: Gladys Rosario
       983 Summit Avenue, #1F
       Bronx, New York 10452
       (via overnight delivery)

{14184}26-001-00004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GLADYS ROSARIO,

                                  PLAINTIFF,

      -AGAINST-

                                                **AFFIDAVIT OF SERVICE**

JOHN E. POTTER, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICES AGENCY;        Case No. 07 Civ. 5891
PAUL HOGROGIAN, LOCAL 300 PRESIDENT,          (CLB)(GAY)

                                 DEFENDANTS.          ECF CASE
------------------------------------------------------------------X

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF NEW YORK  )

    I, LOURDES B. GARCIA, being duly sworn state the following:

    I am not a party to this action, am over 18 years of age and reside at New York, New York.

    On the 11th of June, 2008, I served the within Reply Memorandum of Law in Further Support of Local 300's Motion to Dismiss by dispatching a true copy by overnight delivery (FEDEX tracking no. 7970 1082 7847) to each of the following persons at the last known address set forth after each name below:

    Gladys Rosario
    983 Summit Avenue, #1F
    Bronx, NY  10452

                                                        _____
                                                              LOURDES B. GARCIA

Sworn to before me this
11th day of June, 2008

_____
     NOTARY PUBLIC

DANA LOSSIA
Notary Public, State of New York
No. 02LO6161295
Qualified in Kings County
Commission Expires February 20, 2011

26-001-00004